UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-202-FDW

| | |
|---|---|
| RODNEY MOUCELL JONES, ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> ) <br> **BUNCOMBE COUNTY, et al.,** ) <br> ) <br> **Defendants.** ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, and captioned as a "Complaint for Injunctive and Declaratory Relief and Petition for Writ of Habeas Corpus." (Doc. No. 1). See 28 U.S.C. §§ 1915A and 1915(e).

**I.   BACKGROUND**

Pro se Plaintiff Rodney Moucell Jones is a North Carolina prisoner incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. On July 2, 2010, a jury convicted Plaintiff in Buncombe County of first-degree kidnapping, attempted robbery with a dangerous weapon, conspiracy to commit robbery, and of being a habitual felon. Petitioner was sentenced to a term of forty years and seven months of imprisonment. Plaintiff filed this action on July 26, 2017, naming the following thirteen Defendants: (1) Buncombe County; (2) Steven D. Cogburn, identified as the Buncombe County Clerk of Superior Court; (3) Janelle Henson, identified as the Assistant Clerk of Superior Court for Buncombe County; (4) North Carolina Department of Public Safety ("NCDPS"); (5) Kenneth E. Lassiter, identified as the Director of NCDPS, (6)

1

Mike Slagle, identified as the Superintendent of Mountain View Correctional Institution; (7) Lynn B. Ollis, identified as a mailroom attendant at Mountain View; (8) Cindy Haynes, identified as a classification coordinator at Mountain View; (9) Kella J. Philips, identified as an Assistant Unit Manager at Mountain View; (10) FNU Richardson, identified as a shift sergeant at Mountain View; (11) FNU Stewart, identified as a shift sergeant at Mountain View; (12) FNU Hicks, identified as a case worker at Mountain View; and (13) FNU Williams, identified as a correctional officer at Central Prison. (Doc. No. 1 at 5-8).

Plaintiff purports to bring numerous claims against Defendants, his primary claim being that Defendants have violated his First Amendment right to access to the courts by denying him access to the grand and petit jury lists that were used before his criminal trial. Plaintiff describes his claims as follows:

> Plaintiff/Petitioner brings this complaint pursuant to coordinate policies, practices, acts and omissions of the Buncombe County Clerk of Superior Court's office, the North Carolina Department of Public Safety, and individual agents of both agencies that prior to and during incarceration, effectively operated to deny Plaintiff Petitioner his First and Fourteenth Amendment rights to redress, due process, and equal protection of the laws.

(Doc. No. 1 at 2). The pleadings attached to Plaintiff's Complaint indicate that Plaintiff has, for several years, been attempting to obtain the juror lists at issue so that he can prove that African-Americans were systematically excluded from the jury pool in Plaintiff's state criminal proceedings. Plaintiff also alleges in his Complaint that some of the Defendants have confiscated his legal mail and that he has also been denied the right to access to the courts because he does not have meaningful access to a law library or the services of North Carolina Prisoner Legal Services. Plaintiff states that he seeks "declaratory and injunctive relief under Article VI of the U.S. Constitution, and the 1st, 4th, 5th, 9th, 10th, and 14th Amendments to the U.S.

2

Constitution for ongoing violations of his rights or in the alternative habeas corpus relief." (Id. at 4).

## II.    DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records indicate that Plaintiff has filed at least one case in this Court as well as several cases in the District of South Carolina which have been dismissed as frivolous, malicious, or for failure to state a claim for relief.[1] Accordingly, Plaintiff is subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff fails to demonstrate in his Complaint in this action that he is under imminent danger of serious physical injury as required by § 1915(g).

In an apparent attempt to avoid the three-strikes rule, Plaintiff alleges in the final paragraphs of the Complaint that he is in imminent danger of being harmed at Lanesboro because he is surrounded by dangerous and violent gang members, and he cites instances of other

---

[1] See Jones v. Duncan, 1:09cv370, 2009 WL 3230559 (W.D.N.C. Oct. 2, 2009); see also Jones v. Sanford, No. CA 305-2664-MBS-JRM, 2006 WL 4470210, at *4 (D.S.C. May 4, 2006), aff'd, 210 F. App'x 232 (4th Cir. 2006) (finding that Plaintiff has three strikes against him and citing 1:09cv370; 0:2007cv571 (D.S.C.); 0:00cv1389 (D.S.C); 0:07cv1484 (D.S.C.); 0:00cv3784 (D.S.C.); 0:01cv3997 (D.S.C.)).

3

prisoners being attacked.  See (Doc. No. 1 at 29-30).  Plaintiff's conclusory allegations, which are wholly unrelated to the substantive claims he brings in this action, do not establish "imminent danger of serious physical injury" sufficient to avoid the three-strikes rule.[2]

The Court further observes that, even if this action were not subject to dismissal under the three-strikes rule, it would be subject to dismissal on other, independent grounds.  First, Plaintiff is challenging the actions of the named Defendants based on their failure to provide Plaintiff with a list of grand and petit jurors for his criminal trial in state court.  By Plaintiff's own allegations in his 47-page Complaint, Plaintiff has already raised various claims in the North Carolina state courts based on his failure to obtain access to the jury lists, and the North Carolina state courts have ruled against him.  Therefore, this action also appears to be barred by the principles articulated in the Rooker-Feldman doctrine, which bars review by the federal district courts of state court decisions.  See Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Furthermore, even if Plaintiff were not subject to the three-strikes rule, several of the named defendants (such as the Clerk of Buncombe County) in this action enjoy immunity from suit under Section 1983.  Finally, to the extent that Plaintiff is seeking to attack his underlying criminal conviction and sentence alternatively through a petition for writ of habeas corpus under 28 U.S.C. § 2254, this action will be dismissed without prejudice to bring his claims under Section 2254, and filed on a form used for such petitions.[3]  In other words, a Section 1983 action is not the appropriate

---

[2]  Indeed, Plaintiff used this same tactic in the District of South Carolina, when Plaintiff was incarcerated in the prisons of that state, and where he also claimed in a Section 1983 action that he was under alleged threats from inmates and correctional officers at a South Carolina prison. See Jones v. Sanford, No. CA 305-2664-MBS-JRM, 2006 WL 4470210, at *4 (D.S.C. May 4, 2006), aff'd, 210 F. App'x 232 (4th Cir. 2006).

[3]  It appears, however, that Plaintiff has already filed such action, raising the very claims he

vehicle in which to contest Plaintiff's underlying conviction and sentence based on his contention that he was wrongly denied juror lists before his criminal trial and that his constitutional rights were therefore violated.

In sum, for the reasons stated herein, this action will be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice because Plaintiff is barred by the three-strikes rule in § 1915(g), and he has not paid the filing fee.

**IT IS, THEREFORE, ORDERED** that:

1. For the reasons stated herein, this action is dismissed without prejudice because Plaintiff is barred by the three-strikes rule § 1915(g), and he has not paid the filing fee.

2. The Clerk is respectfully instructed to terminate this action.

Signed: October 2, 2017

Frank D. Whitney
Chief United States District Judge

---

attempts to raise in this filing, and his claims were denied and dismissed on the merits. See Jones v. Shanahan, No. 1:12-cv-304, 2014 WL 9991892 (W.D.N.C. 2014).